UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KYLE M. ZENGERLE**                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:05CV123-LG**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Kyle Zengerle ["Plaintiff"] appeals to the District Court from the final decision of the Commissioner of Social Security [the "Commissioner"], wherein the Commissioner found that Zengerle was not disabled under the Social Security Act. Plaintiff moves to reverse the Commissioner's decision denying his claim for disability insurance benefits. For the reasons set forth below, the Plaintiff's Motion should be denied and the Commissioner's decision should be affirmed.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was born on January 21, 1961, and was 43 years old at the time of his hearing before the Administrative Law Judge (ALJ). Plaintiff completed a high school education and two years of junior college. He has past work experience as a concrete pump dispatcher, concrete pump operator, and sous chef. Plaintiff alleged an inability to work since September 24, 2000, due to ruptured disks in his cervical, thoracic, and lumbar spines.

The medical evidence indicates that Plaintiff was treated for neck and lower back pain beginning as early as September 2000. He was diagnosed with degenerative disc disease and

disc bulges.[1]  The medical records further indicate that Plaintiff's weight during the relevant time frame has been anywhere from 300 to 370 pounds.  He stands 6' 4".  Dr. James C. Crittenden conducted a consultative exam on December 3, 2002, and opined that Plaintiff was obese.  Drs. William Hand and Marvillosa Alqueza, both agency physicians, listed obesity as a secondary diagnosis in the Disability Determination and Transmittal forms.  These were the only references in the record to Plaintiff's "obesity".  None of the physicians opined that Plaintiff's obesity limited his functional capacities.  In fact, Dr. Hand provided an assessment of Plaintiff's functional capacity and determined that Plaintiff was able to lift up to 20 pounds occasionally and 10 pounds frequently.  He further determined that Plaintiff could sit or stand for about six hours in an eight hour work day.  He also concluded that Plaintiff could sit for about six hours in an eight hour work day.  Otherwise, Dr. Hand concluded that Plaintiff had no further limitations.

According to Plaintiff's written description, as a dispatcher he sat almost all day and did not do any lifting, standing, climbing, kneeling, crouching, crawling, or handling of large objects. The ALJ also questioned a vocational expert about Plaintiff's ability to perform past relevant work. With respect to Plaintiff's work as a dispatcher, the vocational expert explained that it is classified as light, semi-skilled work; however, as described by the Plaintiff, the vocational expert classified Plaintiff's past relevant work as sedentary.

Plaintiff's claim for disability benefits was denied at all levels.  First, an ALJ conducted a hearing on May 6, 2004.  The ALJ found that Plaintiff sustained ruptured discs in the lumbar

---

[1] The Court will forgo a detailed analysis of the medical evidence regarding Plaintiff's back and neck conditions because Plaintiff does not offer a direct challenge to any of the ALJ's findings with regard to these conditions.

and cervical spine, which are considered severe under the Social Security regulations. However, the ALJ also found that Plaintiff retained a residual functional capacity that would allow him to return to his past relevant work as dispatcher. Ultimately, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff perfected an appeal and the Appeals Council upheld the ALJ's determination. Plaintiff then filed an action in this Court for review of the Commissioner's decision denying benefits. In the instant motion, Plaintiff takes issue with whether the ALJ gave proper consideration to his obesity and to the physical and mental demands of his past relevant work.

## DISCUSSION

### THE STANDARD OF REVIEW

The standard of review applied to the Commissioner's decision is limited to an inquiry into whether there is "substantial evidence" to support the ALJ's findings *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971), and whether the ALJ applied the correct legal standards. 42 U.S.C. 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence" is defined as "more than a mere scintilla," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427, quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has elaborated that "substantial evidence" must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found on ly where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.' *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.1988), quoting *Hames v. Heckler*, 707

F.2d 162, 164 (5th Cir.1983); *Abshire v. Bowen*, 848 F.2d 638 , 640 (5th Cir. 1988); *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983); *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973).  It is well-settled that written medical reports by licensed medical physicians who have examined the claimant may constitute "substantial evidence" in a Social Security case. *Bowman v. Heckler*, 706 F.2d 564 (5th Cir. 1983), quoting *Green v. Schweiker*, 694 F.2d 108, 111 (5th Cir. 1982).

While the District Court must scrutinize the record in its entirety to determine the reasonableness of the Commissioner's decision*, Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992); *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983); *Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir.1981), the court must not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner.  *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).  Any conflicts in the evidence are for the Commissioner to decide, and if substantial evidence exists to support the decision, it must be affirmed, even in light of contrary evidence.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir.1990), *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994), *Harrell*, 862 F.2d at 475.  If evidence exists to support the Commissioner's ruling, it is conclusive and must be upheld. *Richardson*, 402 U.S. at 390, 91 S.Ct. 1420 at 1422, 28 L.Ed.2d 842 (1971).

Social Security disability claimants bear the burden of proof in a disability case. *Kraemer v. Sullivan*, 885 F.2d 204, 206 (5th Cir. 1989); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir.1987).  Determinations of credibility rest with the ALJ as the trier of fact.  *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981).  The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity due to physical or mental

impairment(s) which can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A), 20 C.F.R. § 404.1505(a).  20 C.F.R. § 404.1520 provides a five-step evaluation process utilized in determining whether a claimant is "disabled" within the meaning of the Social Security Act.  These steps include, in summary:

> (1)  whether claimant has engaged in substantial gainful activity since the alleged onset date;
> (2)  whether claimant has impairment that limits physical and mental ability to do basic work activity;
> (3)  whether claimant's alleged impairments meet or equal in severity any listed impairments found in Appendix 1 to Subpart P, Regulations No.4;
> (4)  an assessment of claimant's residual functional capacity and an evaluation in light of this capacity whether she can perform her past work;
> (5)  if an individual is found unable to perform her past work, the burden shifts to the Commissioner to prove that there are other occupations existing in significant numbers which the claimant can perform, given her age, education, experience, and residual functional capacity.

**WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE COMMISSIONER'S FINDINGS**

Claimant seeks a reversal of the Commissioner's decision pursuant to the Social Security Act, 42 U.S.C. § 405(g), which provides in relevant part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Additionally, 405(g) provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  In his Motion to Reverse, Zengerle argues that the ALJ erred as a matter of law because the ALJ (1) ignored the provisions of Social Security Ruling 02-01p in evaluating the effect of Plaintiff's obesity; and (2) failed to make explicit and necessary findings as to the physical and mental demands of Plaintiff's past relevant work.

**1. Obesity**

Plaintiff argues that despite repeated references to his weight being in excess of 350 pounds, the Commissioner did not consider the effects of Plaintiff's obesity on his ability to perform work. In fact, the ALJ failed to mention Plaintiff's obesity in his findings.

Social Security Ruling 02-1p provides that obesity is a severe impairment when, alone or in combination with another medically determinable physical or mental impairment, it significantly limits an individual's physical or mental ability to do basic work activities. The ruling further states that there is no specific level of weight or body mass index that equates with a severe impairment.

In his findings, the ALJ noted that Dr. Crittenden diagnosed Plaintiff as obese. The ALJ also noted that on December 9, 2000, Plaintiff weighed 300 pounds. To the extent that the ALJ recited Dr. Crittenden's diagnosis of obesity, he considered Plaintiff's obesity in his findings. Apart from various reports of Plaintiffs' weight, there are only three references to Plaintiff's "obesity" in the record. None of these findings of obesity were made by treating physicians. Dr. Crittenden, who performed a consultative examination, found plaintiff to be obese. Drs. Hand and Alqueza both noted obesity as a secondary diagnosis. Dr. Hand also prepared a functional capacity assessment to which the ALJ referred when he determined that Plaintiff could return to his work as a dispatcher. Thus, Plaintiff's limitations from obesity, if any, should be reflected in Dr. Hand's assessment. None of the physicians, either examining or treating, identify plaintiff's obesity as limiting his functional capacities.

The ALJ found that Plaintiff failed at step three of the evaluative process to establish that his obesity is a severe impairment. Obesity by itself does not meet the listings for severe

impairments. *See* 64 Fed. Reg. 46122 (Aug. 4, 1999) (deleting obesity from the listings). There is no medical evidence in the record to suggest that Plaintiff's obesity has combined with any other condition or impairment to meet or equal one of the listings. Consequently, the ALJ could not have erred in failing to find an impairment based on obesity, nor could he have erred in failing to give greater consideration for a condition that has not been identified as disabling or impairing.

### 2. Past Relevant Work

Plaintiff argues that the ALJ erred because he did not make explicit findings as to the physical and mental demands of Plaintiff's past relevant work as a truck dispatcher. Specifically, Plaintiff asserts that the ALJ should have asked questions and made findings about the endurance, manipulative, and mental demands of this work.

Social Security Ruling 82-62 mandates that an ALJ compare the duties of an individual's past work to the individual's residual functional capacity in order to determine whether he can return to his past relevant work. At the hearing, the ALJ questioned the vocational expert regarding Plaintiff's past work as a dispatcher. The vocational expert determined that Plaintiff's past work as a dispatcher was sedentary. Plaintiff also completed a work history report that indicated as a dispatcher he was sitting for almost the entire day and that the heaviest objects that he lifted or carried were less than ten pounds.

There is no evidence that Plaintiff suffers from problems of endurance or has any mental limitations. Drs. Crittenden and Hand both noted that Plaintiff has no limitation or restriction to his manual dexterity. There is an utter absence of any evidence that Plaintiff's limitations would prevent him from returning to work as a dispatcher. To the contrary, Dr.

Hand opined that Plaintiff could lift 20 pounds occasionally and ten pounds frequently, and that Plaintiff could sit/stand/walk for about six hours in an eight hour work day. Given these parameters, the ALJ found that Plaintiff is capable of returning to his past relevant work. Based on the reports of Drs. Crittenden and Hand, as well as the vocational expert's testimony, and based on the absence of any evidence to the contrary, substantial evidence supports the ALJ's finding that Plaintiff is capable of returning to his past relevant work.

## CONCLUSION

After reviewing the record medical evidence of Plaintiff's medical treatment, the Court finds that the ALJ's synopsis of that evidence is thorough and accurate, and his analysis of the evidence, fair. The Court finds the Commissioner's decision regarding Plaintiff's disability claim resulted from proper application of correct law to factual findings. Moreover, the decision is supported by substantial evidence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Reverse the Commissioner's Decision filed January 18, 2007, [19-1] should be and is hereby **DENIED.** A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 22th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE